Matter of Linares v Annucci (2022 NY Slip Op 06482)

Matter of Linares v Annucci

2022 NY Slip Op 06482

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2020-01742
 (Index No. 7314/19)

[*1]In the Matter of Jorge L. Linares, appellant,
v
Anthony Annucci, etc., et al., respondents.

Jorge L. Linares, Otisville, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Eric R. Haren of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Corrections and Community Supervision dated July 29, 2019, denying the petitioner's request pursuant to 9 NYCRR 8000.5 and Department of Corrections and Community Supervision Directive 2014 to be provided with a letter in his parole file, the petitioner appeals from a judgment of the Supreme Court, Orange County (Elaine Slobod, J.), dated November 12, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, without costs or disbursements.
In May 1996, Jorge L. Linares (hereinafter the petitioner) was convicted, after a jury trial, of crimes including rape in the first degree (see People v Linares , 265 AD2d 504). In July 2019, the petitioner, who was incarcerated based on his 1996 conviction, made a request pursuant to 9 NYCRR 8000.5 and Department of Corrections and Community Supervision (hereinafter DOCCS) Directive 2014 to be provided with a letter in his parole file written by the Judge who imposed his sentence. In a letter dated July 29, 2019, DOCCS informed the petitioner that his request was denied on the ground that the letter was marked confidential. In September 2019, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination dated July 29, 2019. In a judgment dated November 12, 2019, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Executive Law § 259-k(2) permits the Board of Parole "to make rules for the purpose of maintaining the confidentiality of records, information contained therein and information obtained in an official capacity by officers, employees or members of the board of parole." Pursuant thereto, 9 NYCRR 8000.5 provides, inter alia, that an inmate may have access to information contained in the parole case record prior to certain events (see id. § 8000.5[c][1]). However, to protect, among other things, the receipt of relevant information, certain conditions and limitations are imposed regarding access to information in the parole case record (see id. § 8000.5[c][2]). Specifically, access to those portions of the case record which will be considered by the board or authorized hearing officer at a hearing or pursuant to an administrative appeal of a final decision of the board "shall not be granted . . . to the extent that they contain," insofar as relevant here, "materials which would reveal sources of information obtained upon a promise of confidentiality" (id. § [*2]8000.5[c][2][i][a][2]).
Here, the letter at issue contained "materials which would reveal sources of information obtained upon a promise of confidentiality" (see id. § 8000.5[c][2][i][a][2]). Thus, the Supreme Court properly determined that DOCCS appropriately denied the petitioner's request for access to the letter pursuant to 9 NYCRR 8000.5 (see Executive Law § 259-k[2]; 9 NYCRR 8000.5[2][i][a][2]).
The petitioner's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court